Booth, J.,
delivered the opinion of the court:
The claimant company entered into a contract with the defendants to construct the metal work for the North Head Light Station, Wash. The contract was dated September 10, 1896, approved October 15, 1896, notice of approval reaching claimant October 23, 1896, and required the completion of the work within four calendar months after the *208 date of notice of approval. If the claimant failed as to time of completion $25 per day was to be deducted from the consideration mentioned in the contract as liquidated damages.
The subject matter of the contract required a systemization of the work. The contract expressly required the claimant to first construct under the specifications the numerous details of the work, then assemble the various parts to be put together in their shops, and the completed work after inspection to be dismantled and forwarded by freight to its destination. The particularity required in the specifications is apparent. The various parts of the metal work required were to be so constructed that when assembled co-. ordinate pieces would dovetail into each other; and so careful were the defendants in this respect that they expressly stipulated the erection of the whole work in claimant’s shop subject to inspection before its delivery to the lighthouse station. Claimant proceeded with the work expeditiously and soon discovered errors in the specifications and blue prints, which admittedly precluded the construction of the work as contemplated by the contract. The nicety of detail in specifications and blue prints was imposed upon the defendants by the contract. Claimant had agreed to construct. the most vital part of a lighthouse station, viz, lantern and metal work appurtenant thereto in strict accord with defendants’ plans and specifications. Subsequent to the final delivery of the work the matter of delay in its completion was referred to the Lighthouse Board, and the finding of the board charges 38 days’ delay to the defendants and expressly recommends an apportionment of damages. The claimant upon application for payment of consideration mentioned in the contract meets with a deduction, irrespective of the board’s recommendation, which not only absorbs the whole contract price, but leaves claimant in default to the amount of $160 imposed under the liquidated-damage clause.
If the case presented the question of liquidated damages under the express agreement of the parties it would be one of easy solution. (United States v. Bethlehem, Steel Co., 205 U. S., 105.) The defendants, however, obligate the claimant *209 to do certain work set forth in detail by píans and specifications prepared, and expressly so, by them. The work so prescribed must be subject to inspection and conform to their specifications before payment. An error egregious in extent is discovered and the work can not meet the requirements of the contract. The defendants admit default in this respect. Nothing appears of record to discredit claimant’s ability to fulfill its obligation except the failure of the defendants to properly perform a condition precedent. Claimant could not have relied upon the letter of the agreement .and gone ahead with the work, because it could not have passed inspection (a fact apparent) and been paid for by the department. Pursuit of this course would have been reprehensible and recovery of damages doubtful. A contractor engaged in constructing an important mechanism according to specifications would hardly be justified in proceeding with the work if he knew, prior to its completion, the result would be an absurd one and the mechanism, an impossible thing. The parties to this agreement intended a certain result; the defendants were obligated to specify in detail by blue prints the various parts of the work; having first defaulted, they can not now insist upon strict performance of the contract by the claimant company. (District of Columbia v. Camden Iron Works, 118 U. S., 453; Holland Torpedo Boat Co. v. Nixon, 155 N. Y. Sup., 573; Ittner v. United States, 43 C. Cls., 336.)
The authorities are harmonious in holding that the failure of one party to a contract to perform conditions upon which depend the execution of the contract by the other waives the stipulation as to time limit and charges the party not in fault to execute the contract within a reasonable time. The defendants accepted the finished work under this contract and are using it now. No attempt was made to avail themselves of the stipulations as to forfeiture, nothing appearing of record to indicate serious complaint on account of delay and absolutely no proof as to any damages resulting therefrom.
Claimant’s demand as to damages is excessive; the record does not sustain it in to.to. The claim for extra labor and *210 profits upon extra material is without merit. The work required was piecework. As soon as the errors in the specifications were discovered the erroneous pieces were discarded and correct ones supplied. This all occurred prior to the , erection of the completed work in the shop. The proof shows that the extra pieces required cost the claimant $675, and for this amount, together with the amount provided in the contract, judgment will be awarded. Claimant can not recover profits. The work was completed under the contract and claimant recovers the contract price, which must necessarily include profits. The item for extra labor can not be allowed. The proof shows that the castings required because of defendants’ errors were not made by the claimant, but were ordered from outside parties; in fact the increased delay caused by defendants was in a large part due to claimant’s inability to get new castings at once, because of crowded condition of the foundries. The total cost of the new castings included labor. While it must have occasioned some extra labor to claimant, there is no testimony in the record disclosing the extent of the same. The court can not predicate a judgment for damages upon the mathematical suppositions of the claimant. Proof resting not in conjecture must be offered; calculations as to percentage of the cost of material, etc., can not form the basis for the judgment asked in respect to this item, and it will be disallowed. Damages must be the direct and proximate result of the injury complained of and when capable of proof with certainty must be so proven. This rule is elementary. No books, accounts, or other reliable sources of testimony are offered to sustain this charge.
The time consumed in the final completion of the work was not unreasonable. It is quite apparent that the additions required because of the defendants’ errors discovered as the work progressed, would retard its completion and disarrange the systemization first adopted.
Judgment is awarded claimant for $4,840. It is so ordered.