Green, Judge,
delivered the opinion of the court:
The plaintiff brings this suit to recover $25,722.48 alleged to be due under a contract with the defendant and for work performed and not paid for. It appears that the plaintiff entered into a contract with the defendant for the construction of an embassy building in Tokyo, Japan, .in accordance with specifications, schedules, and drawings, the work to be commenced on or before October 9, 1929, and completed on or before February 1, 1931, for a consideration of $835,617. The plaintiff entered upon the work and completed it but not within the time specified in the contract. In making payment for the contract work the defendant deducted $19,450 as liquidated damages under the contract for an alleged delay in its completion of 194.5 days.
Tibe plaintiff also makes a claim that the defendant did not allow a fair and reasonable sum for work performed and material furnished beyond that required by the contract. It is not necessary to set out the items of this part of plaintiff’s cause of action as none of the items of this claim are established by the evidence.
As to the liquidated damages deducted from the contract price by defendant, the plaintiff claims that they were wrongfully and illegally withheld. The defense is that the buildings were not completed until 292 days after the time fixed by the contract and the matter of delay was submitted to the contracting officer, who determined that 194.5 days of this excess time were chargeable under the contract to the plaintiff as liquidated damages at $100 per day, or $19,450, and that plaintiff was paid for the remainder of the time.
The contract provided in substance that the work should be done in accordance with certain plans and specifications *107 and also in the manner set out. in drawings to be furnished by the Government. The bid of plaintiff was upon the plans and specifications tendered by the Government, and there was an implied warranty of their sufficiency. United States v. Spearin, 248 U. S. 132. As the wort also had to be done in accordance with drawings to be furnished, we think there was an implied warranty or agreement that the drawings would be furnished in time to complete the contract at the specified date, although this conclusion is not necessary in order to support our decision herein. The specifications for structural steel were insufficient and new steel had to be ordered, causing delay. A special cause of the delay was the failure of the defendant to furnish detailed drawings in time to enable the plaintiff to complete the work within the time limit of the contract. A number of " them were not furnished until after the contract date set for completion and some not until nearly six months after the expiration of the time limit. See Finding 9. Although there was some delay on the part of plaintiff, failure to furnish these drawings on time was the principal cause of the delay considered as an entirety. It is impossible to determine from the evidence just how much was caused by the plaintiff and how much by the defendant, but it is evident that far more delay was caused by the defendant than by plaintiff. Under these circumstances, no deduction for. liquidated damages can be allowed. In United States v. United Engineering & Contracting Co., 234 U. S. 236, 242, it is said:
We think the better rule is that when the contractor has agreed to do a piece of work within a given time and the parties have stipulated a fixed sum as liquidated damages not wholly disproportionate to the loss for each day’s delay, in order to enforce such payment the" other party must not prevent the performance of .the contract within the stipulated time, and that where such is the case, and thereafter the work is completed, though delayed by the fault of the contractor, the rule of the original contract can not be insisted upon, and liquidated damages measured thereby are waived.
A long line of cases is cited by counsel for plaintiff in support of the rule laid down above, among which we may *108 call attention to Wyant v. United States, 46 C. Cls. 205, wherein it is said:
The authorities are harmonious in holding that the failure of one party to a contract to perform conditions upon which depend the execution of the contract by the other waives the stipulation as to time limit * * *
It is the general rule that liquidated damages in the absence of any proof that actual damages have been sustained (which was the situation in the case at bar) are not favored by the courts and will not be allowed where the party claiming them is equally at fault, and the amount of delay caused by either can not be ascertained with reasonable accuracy. In the recent case of Monks et al., Exrs. v. United States, 79 C. Cls. 302, 338, it is said:
Where delays in the completion of the contract are caused by both parties to the contract, and the period for completing the work has thereby been extended beyond the time originally fixed, the obligation to pay liquidated damages is annulled and cannot be revived, and any recovery for delays must be based on the actual loss sustained. [Citing numerous authorities.]
It is urged on behalf of defendant that the matter of delays was passed on by the contracting officer and that his decision in the absence of fraud or such gross negligence as would show lack of good faith is conclusive against the plaintiff under the terms of the contract.
In determining the amount of delay the contracting officer used certain formulae and the evidence fails to show definitely the amount of delay which may be ascribed to each of the parties. Under all of the circumstances, we are unable to find that this officer showed such gross negligence in his findings that bad faith must be imputed to him. We have, however, found that his conclusions were quite erroneous in that far more of the delay was attributable to the defendant than to the plaintiff, while he decided that twice as much was attributable to plaintiff as to defendant. We have also found that the delays caused by the defendant made it impossible for the contract to be completed at the time which was specified, or even within the time allowed by the contracting officer. In this connection it should be noted that *109 some of the drawings, without which the work could not be carried on, were not furnished until months after the date fixed for completion and after they had been furnished, material had to be obtained from the United States.
Under such circumstances, all of the authorities hold that liquidated damages should not be imposed. In some of the decisions it is said that the provision with reference to time-limit was waived; in some that it has been annulled; and in others it has simply been held that it can not be enforced. Also, in some of the cases it was said, that where the defendant had delayed the plaintiff beyond the date prescribed by the contract the court has no fixed date from which the contract could be enforced or liquidated damages computed. In all of the cases the effect of the rules laid down is to abrogate the provisions of the contract fixing a time limit for the completion of the work. When we make use of the rules laid down in the decisions cited, it is evident that there is no time limit remaining in the contract between plaintiff and defendant and consequently there is nothing as to which the conclusions of the contracting officer can apply. In other words, there being no time limit, the conclusions of the contracting officer with reference to the matter of delays are entirely immaterial.
The plaintiff is entitled to recover the amount withheld by defendant as liquidated damages and judgment will be rendered accordingly.
Whaley, Judge; Williams, Judge; LittletoN, Judge; and Booth, Chief Justice, concur.